IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ) ) ) Plaintiff, ) vs. ) CLARK CONSULTING, INC. ) ) Defendant. ) ) | Civil Action No. 07-c-6868 |

## JOINT STATUS REPORT

The parties in the above-captioned action, plaintiff The Prudential Insurance Company of America ("Prudential") and defendant Clark Consulting, Inc. ('Clark") hereby jointly submit the following initial status report, pursuant to Fed. R. Civ. P. 16(b) and this Court's Standing Instructions for the Initial Status Report.

A.   Nature of the Case

The parties agree that this Court has diversity jurisdiction over this matter. *See* 28 U.S.C. §1332.

Prudential's primary claim in this case is for breach of contract. Prudential asserts that Clark has refused and failed to comply with Section 5.0 of the parties' Prepaid Marketing Meeting Expense Agreement (the "Marketing Agreement"), under which Clark owes Prudential an amount not less than $3,241,000. In the alternative, Prudential asserts that it has an equitable right, pursuant to the doctrine of unjust enrichment, to recover the amount of $2,879,960.78 in unearned commissions paid to Clark.

Clark denies that it has breached the Marketing Agreement. Clark asserts that Prudential has breached the express terms of the Marketing Agreement in numerous respect, including,

among others, attempting to terminate the contract for its own convenience.  Clark asserts that Prudential also breached the covenant of good faith and fair dealing by instigating the unilateral termination of the separate Broker-Dealer Agreement in an effort to create its own "impossibility" and avoid its obligations under the Marketing Agreement.  Clark asserts it rightfully terminated the Marketing Agreement for cause, and Prudential irrevocably waived its right to receive any portion of the unearned commissions attributable to the surrender of Group COLI/TOLI contracts by Allmerica.  Finally, Clark asserts that Prudential's unjust enrichment claim fails to state a claim upon which relief can be granted.

The major legal issues are the proper interpretation of the provisions of Marketing Agreement and any other applicable provisions of the parties' agreements, including the separate Broker-Dealer Agreement, and whether Prudential's claim for unjust enrichment states a claim upon which relief can be granted.  The major factual issues include whether Clark was entitled to cancel the Agreement for cause, the effectiveness of its invocation of the termination provisions in its letter of December 28, 2006, the effectiveness of Prudential's terminations of the parties' agreements, whether Prudential has breached the Marketing Agreement, and the amount of damages recoverable, if any, by each of the parties in the event that the other is found to be in breach of their agreement.

B.   <u>Draft Scheduling Order Proposal</u>

(1)   Deadline to join parties or amend pleadings:        February 15, 2008

(2)   Rule 26(a) Initial Disclosures:                     February 29, 2008

(3)   Discovery Deadline:                                 July 31, 2008

(4)   Deadline for dispositive motions:                   September 15, 2008

(5)   Pretrial conference:                                Mid-December, 2008

(6)   Trial:                                                                                                  Mid-January, 2009

The parties are also filing herewith a separate Report regarding their Rule 26(f) Discovery Planning Conference.

C.   <u>Trial Status</u>

Clark intends to request a jury trial. The parties agree that a trial is unlikely, but that if there is a trial, 3-4 days would be sufficient.

D.   <u>Consent to Magistrate</u>

Prudential does not consent to proceedings before a Magistrate Judge.

E.   <u>Settlement Status</u>

The parties had initial settlement discussions during the week of January 21-25, 2008. They remain far apart in terms of dollar amounts. However, the parties agree that it would be useful to engage in further discussions regarding settlement.

Respectfully submitted,

| | |
|---|---|
| Tara Hanley<br>MARKLAND HANLEY LLP<br>2200 Ross Avenue, Suite 4100W<br>Dallas, TX 75201<br>Telephone:  469-341-3635<br>Facsimile:  469-341-3640 | Donald J. Munro<br>GOODWIN PROCTER LLP<br>901 New York Avenue, NW<br>Washington, D.C. 20001<br>Telephone 202-346-4137<br>Facsimile 202-346-4444 |
| | /s/ Daniel J. Mohan<br>Daniel J. Mohan<br>DALEY & MOHAN, P.C.<br>150 North Wacker Drive, Suite 1550<br>Chicago, IL 60606<br>Telephone 312-422-9999 |
| ATTORNEYS FOR CLARK<br>CONSULTING, INC. | ATTORNEYS FOR THE PRUDENTIAL<br>INSURANCE COMPANY OF AMERICA |