IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 07-c-6868 |
| | ) ) ) ) | JUDGE CASTILLO MAGISTRATE DENLOW |
| CLARK CONSULTING, INC. | ) ) | |
| Defendant. | ) ) | |

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on January 17, 2008, by conference call, and was attended by:

   Donald J. Munro
   GOODWIN PROCTER LLP
   901 New York Avenue, NW
   Washington, D.C. 2001
   Counsel for Plaintiff The Prudential Insurance Company of America

   Tara Hanley
   MARKLAND HANLEY LLP
   2200 Ross Avenue, Suite 4100W
   Dallas, TX 75201
   Counsel for Defendant Clark Consulting, Inc.

2. Pre-Discovery Disclosures:   The parties will exchange by February 29, 2008, the information required by Fed. R. Civ. P. 26(a)(1).

3. Discovery Plan:   The parties jointly propose to the court the following discovery plan:

   (a) Discovery will be needed by Plaintiff on the following subjects:

1.  Background to and negotiation of the PIMS Agreement and the Prepaid Marketing Meeting Expense Agreement.

2.  The acquisition of Clark by AEGON.

3.  Clark's breach of the Prepaid Marketing Meeting Expense Agreement.

4.  The assertions raised in Clark's letter of December 28, 2006.

5.  Actions by Clark relating to the unearned commissions paid by Prudential, including any attempt to recover funds from third parties.

6.  Any other factual questions concerning new or additional subjects raised in any pleadings filed by Clark in this matter.

Discovery will be needed by Defendant on the following subjects:

1.  Prudential's marketing arrangement and relationship with Jerry Reen

2.  Documentation of quotes and/or illustrations requested of Prudential by Jerry Reen or BOLI producers other than Jerry Reen.

3.  Documentation of quotes and/or illustrations delivered by Prudential to Jerry Reen and documentation related to the issuance of any resulting insurance policies.

4.  Documentation of quotes and/or illustrations delivered by Prudential to BOLI producers other than Jerry Reen and documentation related to the issuance of any resulting insurance policies.

5.  Prudential's provision of quotes and/or illustrations relating to New Alliance/Bank West Nevada, Sovereign Bank, Webster Bank, California National Bank, Bank of Hawaii, Central Pacific Bank, Dimes Savings Bank, First Midwest, Sterling Bank, Stillwater National and OMNI.

6. Documentation of quotes and/or illustrations requested of Prudential by Clark. And/or delivered by Prudential to Clark.

7. The investigation of Prudential by the New York Attorney General and the California Department of Insurance in connection with regulatory violations regarding Prudential's payment of contingent commissions to its producers.

8. Civil and criminal allegations against Prudential Financial, Inc. brought by the Department of Justice and the Securities and Exchange Commission and several other regulators resulting in Prudential's announcement on August 28, 2006 that it would pay $ 600 million to settle claims that former workers at its brokerage unit defrauded mutual fund investors by helping clients rapidly trade funds.

9. Prudential's failure to work with Clark to place Prudential's products on Clark's CBIS illustration system.

10. Prudential's failure to attend certain conferences to which it was invited by Clark.

11. With respect to insurance policies on which Clark or a Clark representative was the broker or agent of record at the time of Prudential's direct or indirect involvement in the exchange of such insurance policies for Prudential policies.

12. Information relating to the Prepaid Marketing Meeting Expense Agreement entered into between Clark and Prudential effective December 29, 2003 and amended and restated December 29, 2004 (the "Marketing Agreement"), including negotiations of its terms and the decision to terminate the Marketing Agreement.

13. Information related to the termination of the Broker-Dealer Agreement between Prudential Investment Management Services, LLC and Clark Securities, Inc. (the "PIMS Agreement").

14. Information related to Prudential's communications with Brian Burke and/or Donald Shelden regarding:

    a. Prudential Group COLI/TOLI policies purchased by Allmerica and surrendered on or around October 31, 2003;

    b. any obligation owed by Brian Burke and/or Donald Shelden as a result of the surrender of the Prudential Group COLI/TOLI policies by Allmerica on or around October 31, 2003;

    c. Termination of the PIMS Agreement and or/the Marketing Agreement;

    d. The timing or subject matter of this litigation.

(b) All discovery commenced in time to be completed by July 3, 2008.

(c) Maximum of 25 interrogatories and 25 document requests by each party.

(d) Maximum of 25 requests for admission by each party.

(e) Maximum of 10 depositions by Plaintiff and 10 depositions by Defendant. Each deposition limited to a maximum of 7.5 hours unless extended by agreement of parties.

(f) Reports from retained experts under Rule 26(a)(2) due as follows:

    Plaintiff:    June 2, 2008

    Defendant:    June 30, 2008

4. <u>Other Items</u>:

(a) The parties do not request a conference with the Court before entry of the scheduling order, other than the conference previously set by this Court for January 29, 2008.

(b) The parties request a pretrial conference in December, 2008.

(c) The parties should be allowed until February 15, 2008 to join additional parties or amend the pleadings.

-5-

    (d)    All potentially dispositive motions should be filed by September 15, 2008.

    (e)    Settlement discussions have been initiated by the parties and are still underway. The parties are hopeful that they will be able to settle this matter.

    (f)    Final lists of witnesses and exhibits under Rule 26(a)(3) should be due as follows:

        Plaintiff:    December 1, 2008

        Defendant:    December 8, 2008

    (g)    Parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    (h)    The case should be ready for trial by mid-January, 2009 and at this time is expected to take approximately 3-4 days.

    Respectfully submitted,

| | |
|---|---|
| Tara Hanley<br>MARKLAND HANLEY LLP<br>2200 Ross Avenue, Suite 4100W<br>Dallas, TX 75201<br>Telephone: 469-341-3635<br>Facsimile: 469-341-3640 | Donald J. Munro<br>GOODWIN PROCTER LLP<br>901 New York Avenue, NW<br>Washington, D.C. 20001<br>Telephone 202-346-4137<br>Facsimile 202-346-4444<br><br>/s/ Daniel J. Mohan<br><br>Daniel J. Mohan<br>DALEY & MOHAN, P.C.<br>150 North Wacker Drive, Suite 1550<br>Chicago, IL 60606<br>Telephone 312-422-9999 |
| ATTORNEYS FOR CLARK<br>CONSULTING, INC. | ATTORNEYS FOR THE PRUDENTIAL<br>INSURANCE COMPANY OF AMERICA |