IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, ) ) ) Plaintiff, ) ) v. ) ) ) CLARK CONSULTING, INC., ) ) Defendant. ) | Case No. 07 C 6868 Judge Ruben Castillo Magistrate Judge Denlow |

**MEMORANDUM IN SUPPORT OF DEFENDANT
CLARK CONSULTING, INC.'S MOTION TO DISMISS FOR
FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant Clark Consulting, Inc. (hereinafter "Clark") submits this memorandum in support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Count II of the Amended Complaint of Plaintiff, The Prudential Insurance Company of America (hereinafter "Prudential") in its entirety for failure to state a claim upon which relief can be granted. Prior to the filing of this motion, Clark complied with this Court's Case Management Procedures by first serving opposing counsel with a letter summarizing the legal and factual grounds for this motion, with references to supporting authorities, in an effort to make a sincere effort to resolve issues relating to the motion.

The Amended Complaint contains two counts. Count One purports to state a breach of contract claim against Clark arising out of the Prepaid Marketing Meeting Expense Agreement (hereinafter "Agreement"). Count Two purports to state a claim of unjust enrichment.

This memorandum addresses only Clark's motion to dismiss Count Two of the Amended Complaint. This Court should dismiss Count Two because a claim for unjust enrichment is unavailable where the claim rests on the breach of an express contract.

## INTRODUCTION

In the Introduction to its Amended Complaint, Prudential alleges that the action arises from a "commercial contract dispute" between the parties. Am. Compl. ¶ 1. The Complaint further states that the commercial contract at issue is the "Prepaid Marketing Meeting Expense Agreement." *Id*. (the "Agreement"). Paragraph 1 of the Introduction concludes by stating that Prudential seeks enforcement of its contractual rights under the Agreement. *Id*. Count 1 alleges that Clark owes a contractual duty of payment to Prudential under Section 5.0 of the Agreement and that, by refusing payment, Clark has breached the Agreement. Am. Compl. ¶¶ 25-28. Count 2 alleges that Clark's retention of unearned commissions gives rise to a claim for unjust enrichment. Am. Compl. ¶¶ 29-32.

In Count Two of the Complaint, under the heading "Unjust Enrichment," Prudential alleges that, if there is no enforceable contractual obligation on the part of Clark to pay money damages to Prudential (under the terms of the Agreement governing the rights of the parties), then Prudential is entitled to recover money from Clark under the equitable doctrine of unjust enrichment. Am. Compl. ¶ 29. Prudential then alleges that "Prudential has conferred benefits on Clark in the form of unearned commissions in the amount of $ 2,879,960.78." Am. Compl. ¶ 30. Prudential alleges that Clark has appreciated benefits by retaining the very same unearned commissions that were irrevocably waived by Prudential pursuant to the Agreement. Am. Compl. ¶ 31. Lastly, Prudential alleges that it is "inequitable for Clark to retain the benefits conferred upon it by Prudential." Am. Compl. ¶ 32.

## ARGUMENT AND AUTHORITIES

To succeed on an unjust enrichment claim, a plaintiff must establish that: 1) the defendant retained a benefit, 2) the retention of the benefit was to the detriment of the plaintiff, and 3) fundamental principles of justice, equity, and good conscience dictate that the defendant

2

release the benefit to the plaintiff. *Pace Am., Inc. v. Elixir Indus.*, 2007 U.S. Dist. LEXIS 10601, *4 (N.D. Ill. 2007); *Graham v. Midland Mort. Co.*, 406 F. Supp. 2d 948, 952 (N.D. Ill. 2005); *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 545 N.E.2d 672, 679 (Ill. 1989). Under Illinois law, a claim for unjust enrichment is based upon an implied, rather than a specific, contract. *Team Impressions, Inc. v. Chromas Technologies Canada, Inc.*, 2003 U.S. Dist. LEXIS 2279, *11 (N.D. Ill. 2003).

The Court should dismiss Count Two because, under Illinois law, the presence of an express contract nulls any quasi-contract claim arising out of the same subject matter. *Muehlbauer v. General Motors Corp.*, 431 F. Supp.2d 847, 855 (E.D. Ill. 2006); *see also Shaw v. Hyatt International Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (plaintiff "fails to present a claim for unjust enrichment, because that is unavailable where the claim rests on the breach of an express contract"), citing *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 836 N.E.2d 681, 704, 296 Ill. Dec. 930 (Ill. App. 2005); *Team Impressions, Inc.* 2003 U.S. Dist. LEXIS 2279 at*12-13 (dismissing the plaintiff's unjust enrichment claim because it was based on the defendant's failure to fulfill contractual terms); *People ex. Rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill.2d 473, 497, 607 N.E.2d 165, 180 Ill. Dec. 271 (Ill. 1992) ("Because unjust enrichment is based on an implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application."); *AA Sales & Assoc., Inc. v. JT & T Products Corp.*, 48 F. Supp.2d 805, 807 (E.D. Ill. 1999) (where plaintiffs alleged that they were entitled to a sum of money under the terms of an express contract governing the relationship of the parties, unjust enrichment had no application since a specific contract governed the relationship). Illinois law makes clear that, when the relationship of the parties is governed by contract, neither party may bring a claim of unjust enrichment unless the claim falls

3

outside the contract. *Utility Audit, Inc. v. Horace Mann Service Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004); *Gen. Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Corp.*, 349 Ill. App. 3d 529, 285 Ill. Dec. 800, 812 N.E.2d 620, 626 (Ill. App. Ct. 2004). In determining whether a claim falls outside of a contract, the subject matter of the contract governs, not whether the contract contains terms or provisions related to the claim. *Utility Audit, Inc.*, 383 F.3d at 689-90; *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F2d 1007, 1011 (7th Cir. 1985); *Indus. Lift Truck Serv. Corp. v. Mitsubishi Int'l Corp.*, 104 Ill. App. 3d. 357, 432 N.E.2d 999, 1002 (Ill. App. Ct. 1982). The reason for prohibiting a claim for unjust enrichment between contracting parties is to prohibit a party whose expectations were not realized under the contract from nevertheless recovering outside the contract. *AA Sales & Assoc., Inc.*, 48 F. Supp. 2d at 689; *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). Moreover, an action in quasi–contract does not exist in Illinois just because a specific subject matter is not covered in the express contract. *Borowski v. DePuy, Inc.*, 850 F.2d 297, 301 (7th Cir. 1988); *Indus. Lift Truck Serv. Corp.,* 104 Ill. App. 3d. at 357, 432 N.E.2d at 999. As the court held in *Gordon v. Matthew Bender & Co.*, 562 F. Supp. 1286 (N.D. Ill. 1983), "[i]f the parties enter into an agreement, they choose to be bound by its terms. The failure to provide for other terms may be intentional, or may be due to oversight. But in any case…an action sounding in quasi-contract will not lie." *Gordon*, 562 F. Supp. at 1298; *Borowski*, 850 F.2d at 301 (same).

Here, Prudential has plead the existence of an enforceable contract governing the relationship between the parties, plead that it contains provisions governing whether and in what amount Prudential should be reimbursed under the terms of the contract, attached the governing contract to its pleadings, and does not allege that the contract is void or otherwise enforceable. Further, Prudential is seeking to recover the same funds, certain unearned commissions, that are

4

the subject of the contract governing the rights of the parties, under both its breach of contract and unjust enrichment theories. Prudential even admits that the Agreement between the parties governs and specifically addresses the amount that Prudential is entitled to receive, if any, if the Agreement is terminated. Am. Compl. ¶ 17 (setting forth, for example, the language in the Agreement relating to certain circumstances under which Prudential would be entitled to payment of the unused Marketing Meeting Expense Allowance). Under these circumstances, and under the authorities cited herein, Prudential's unjust enrichment claim does not state a claim upon which relief can be granted and should be dismissed. *See also Graham*, 406 F. Supp. at 952 (because plaintiff did not contest that his relationship with Defendants was a contractual one, a finding of unjust enrichment is precluded); *The Sharrow Group*, 2004 U.S. Dist. LEXIS 24497 at *7-8 (dismissing plaintiff's unjust enrichment claim where plaintiff attached a copy of the relevant contract to the complaint); *Hartigan*, 153 Ill.2d at 497, 607 N.E.2d at 165, 180 Ill. Dec. 271; *cf. Pace American, Inc. v. Elixir Indus.*, No. 06 C 4661, 2007 WL 2668886, at *1 N.D. Ill. July 6, 2007) (pleading of alternative theories of unjust enrichment and breach of contract permitted provided that plaintiff carefully segregates its background allegations from its contract and unjust enrichment counts); *Guinn*, 361 Ill. App.3d at 604, 836 N.E.2d at 704 (same).

  The overwhelming weight of the authorities hold that, where, as here, breach of the contract is the sole basis for the unjust enrichment claim, the unjust enrichment count cannot stand. Because Prudential's claim for unjust enrichment is grounded upon its claim for breach of contract and there is a contract in place governing the rights and obligations of the parties, Prudential's claim for unjust enrichment fails to state a claim upon which relief can be granted under Illinois law and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, defendant Clark respectfully requests that this Court dismiss Count Two of the Amended Complaint against it with prejudice, together with costs, and grant such further relief as it deems appropriate.

Dated: January 28, 2008                                RESPECTFULLY SUBMITTED,

                                                                        By:   /s/ Gregory R. James, Jr.
                                                                                 Gregory R. James, Jr.

                                                                                 Attorney for Defendant
                                                                                 Clark Consulting, Inc.

                                                                                 Tara Hanley
                                                                                 Dale G. Markland
                                                                                 Markland Hanley LLP
                                                                                 2200 Ross Avenue, Suite 4100W
                                                                                 Dallas, Texas 75201
                                                                                 469.341.3633 (main)
                                                                                 469.341.3640 (fax)
                                                                                 thanley@marklandhanley.com
                                                                                 dmarkland@marklandhanley.com

Gregory R. James, Jr. (06198667)
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street
Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)
gjames@lanermuchin.com

**CERTIFICATE OF SERVICE**

  Gregory R. James, Jr., an attorney, hereby certifies that he caused the Defendant's Memorandum in Support of Defendant Clark Consulting, Inc.'s Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted in the above-captioned matter to be served on the parties of record listed below, via Electronic Filing with the Clerk of the Court on this 28th day of January 2008, addressed to:

**Donald J. Munro**
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4137
Email: dmunro@goodwinprocter.com

**Raymond Hugo Groble, III**
Daley Mohan Groble P.C.
55 W. Monroe
Suite 1600
Chicago, IL 60603
(312) 422-9999
Fax: (312) 201-9368
Email: groble@daleymohan.com

**Daniel J. Mohan**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312) 422-9999
Fax: 312-201-9368
Email: mohan@daleymohan.com

**Sean M. Sullivan**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312) 422-9999
Fax: (312) 422-5370
Email: ssullivan@daleymohan.com

**Joel B. Cornfeld**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312) 422-0784
Fax: (312)201-9368
Email: jcornfeld@daleymohan.com

**William Joseph McFadden**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312) 422-6522
Fax: (312) 201-9368
Email: wmcfadden@daleymohan.com

               /s/ Gregory R. James, Jr.
               Gregory R. James, Jr.