# EXHIBIT A

LEXSEE 2007 U.S. DIST. LEXIS 10601

PACE AMERICAN, INC., Plaintiff, vs. ELIXIR INDUSTRIES, Defendant.

No. 06 C 4661

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2007 U.S. Dist. LEXIS 10601

February 13, 2007, Decided
February 13, 2007, Filed

**COUNSEL:** [*1] For Pace American Inc., Plaintiff: Laura A LeeLun, Steven P. Blonder, Much Shelist Freed Denenberg, Ament & Rubenstein, PC.

For Elixir Industries, Defendant: Jason M. Rosenthal, Peter Vincent Baugher, Schopf & Weiss LLP.

**JUDGES:** JAMES B. MORAN, Senior Judge.

**OPINION BY:** JAMES B. MORAN

**OPINION**

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Pace American, Inc., a manufacturer of enclosed cargo and auto trailers, brought this suit against defendant, Elixir Industries, a supplier of aluminum coil to the recreational vehicle industry and to plaintiff. Plaintiff alleges that defendant, without plaintiff's knowledge, was inflating the weight and cost of its aluminum coil by including the weight of the fiber core in its calculations, in contravention of Illinois common and statutory law. Specifically, plaintiff asserts claims for unjust enrichment, breach of contract, and Illinois Consumer Fraud Act, *815 ILCS 505/2* (2006) ("ICFA"). [1] Defendant now brings its motion to dismiss plaintiff's claim in its entirety, pursuant to *Rule 12(b)(6) of the Federal Rules of Civil Procedure*. For the reasons stated herein, we grant defendant's [*2] motion to dismiss, with leave to amend.

---

1 Plaintiff's complaint labels its fraud claim as "Consumer Fraud." Citing *Jeffries v. Dutton & Dutton. P.C., 2006 U.S. Dist. LEXIS 32439, 2006 WL 1343629, *7 (N.D.Ill.2006)*, defendant asserts that plaintiff cannot amend its complaint in opposition to a motion to dismiss. Because plaintiff need not specify under which specific law it seeks to recover In order to survive a motion to dismiss (*E.E.O.C. v. Park Ridge Library, 856 F.Supp. 477, 479 (N.D.Ill.1994)*), and through Its briefs has made clear its intent to assert a claim under the Illinois Consumer Fraud Act, we allow it to proceed as such.

**BACKGROUND**

In reviewing a motion to dismiss under *Rule12(b)(6)*, we accept the complaint's well-pleaded factual allegations as true, including the inferences reasonably drawn from them. *McDonald v. Household Int'l., 425 F.3d 424, 425 (7th Cir.2005)*. The complaint will be dismissed only if the plaintiff "failed to allege any set of facts upon which [*3] relief may be granted." *Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir.1995)*. See also *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)*. Therefore, we take the following facts from plaintiff's complaint.

Since 1996, pursuant to a Standard Terms and Conditions of Sale contract, plaintiff purchased painted aluminum coil from defendant. From 1996 through 2003, plaintiff purchased approximately 34,147,553 pounds of coil (approximately 9,756 coils) from defendant. Unbeknownst to plaintiff, and contrary to industry standard, defendant included in the weight of the aluminum, and thus the cost, the fiber core of each coil. At a price of $1.45 per pound, each 37-pound core cost plaintiff an additional $53.65. In total, plaintiff paid defendant approximately $523,409 for the cores.

Because plaintiff was unaware that defendant included the weight of the core in determining the cost of the aluminum coils, plaintiff asserts that defendant breached the following provision of the parties' contract: "Elixir certifies that materials shipped are properly classified, described, packaged, marked, and labeled, and are in the proper condition for [*4] transportation, according

Case 1:07-cv-06868    Document 31-2    Filed 01/28/2008    Page 3 of 5

Page 2
2007 U.S. Dist. LEXIS 10601, *

to the applicable regulations of the Department of Transportation" (cplt., exh. A).

In addition to the breach of contract claim, plaintiff asserts that defendant, in the purchase orders and bills of lading for the transactions, made wrongful statements about the weight and cost of the aluminum coil. In reliance on such statements, plaintiff was injured, and thus, asserts claims for unjust enrichment and violation of the Illinois Consumer Fraud Act. We address each in turn.

DISCUSSION

Alleging that defendant's retention of the cost of the fiber cores was unjust, plaintiff claims unjust enrichment, an equitable remedy available only when there is no adequate remedy at law. *Nesby v. Country Mut. Ins. Co., 346 Ill. App. 3d 564, 805 N.E.2d 241, 243, 281 Ill. Dec. 873 (Ill.App.Ct.2004)*. To state a claim for unjust enrichment in Illinois, plaintiff must allege that the defendant retained a benefit to plaintiff's detriment, and that "'fundamental principles of justice, equity, and good conscience' dictate that the defendant release the benefit to the plaintiff." *Graham v. Midland Mort. Co., 406 F.Supp.2d 948, 953 (N.D.Ill.2005)* (citing *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 131 Ill. 2d 145, 545 N.E.2d 672, 679, 137 Ill. Dec. 19 (1989))*. [*5]

Defendant rightfully argues that, generally, when a contract governs the relationship of the parties, plaintiff cannot recover under an unjust enrichment theory unless the claim falls outside of the contract. *Utility Audit. Inc. v. Horace Mann Service Corp., 383 F.3d 683, 688-89 (7th Cir.2004); Nesby, 805 N.E.2d at 243; Muehlbauer v. General Motors Corp., 431 F.Supp.2d 847, 855 (N.D.Ill.2006)*. In this case, because plaintiff alleged a contractual agreement between the parties and incorporated the alleged breach of such contract into its unjust enrichment claim, plaintiff cannot maintain an unjust enrichment claim based on contract. See *Team Impressions, Inc. v. Chromas Technologies Canada, inc., 2003 U.S. Dist. LEXIS 2279, 2003 WL 355647, *4 (N.D.Ill.2003)* ("While Plaintiff is entitled under *Federal Rule of Civil Procedure 8(e)(2)* to plead the alternative claims of breach of contract and unjust enrichment despite the inconsistency between those claims, Plaintiff's unjust enrichment claim must not include allegations of a specific contract governing the parties relationship"). See also *Cole-Haddon. Ltd. v. Drew Philips Corp., 454 F.Supp.2d 772, 777 (N.D.Ill.2006)*; [*6] *The Sharrow Group v. Zausa Development Corp., 2004 U.S. Dist. LEXIS 24497, 2004 WL 2806193, *3 (N.D.Ill.2004)*.

Plaintiff, however, asserts that its claim is based on tort, not contract, and therefore it can co-exist alongside a breach of contract claim at this stage in the litigation. It is true that an unjust enrichment claim may be predicated on either contract or tort. *Peddinghaus, 295 Ill. App. 3d 943, 692 N.E.2d 1221, 1225, 230 Ill. Dec. 55 (Ill.App.Ct.1998); American Hardware Mfrs. Ass'n v. Reed Elsevier. Inc., 2004 U.S. Dist. LEXIS 28007, 2004 WL 3363844, *16 (N.D.Ill.2004)*. Plaintiff points to paragraph 9 of its complaint in its effort to assert that its unjust enrichment claim is based on tort. [2] That paragraph, however, relies on the paragraph 8, which points to a specific term of the parties' contract. Paragraph 9 asserts that defendant did not comport with the contract provision, and thus over-charged plaintiff for the aluminum coil. At the heart of plaintiff's unjust enrichment claim is a claim for breach of contract. Because those two claims cannot exist side-by-side, plaintiff's unjust enrichment claim must fail. [3]

---

[2] Paragraph 9 reads: "Nothing could be further from the truth. In pricing the painted aluminum coil, Pace paid by the pound. But, unbeknownst to Pace, Elixir was wrongfully inflating the weight (and thus the cost) of the product purchased by Pace by including the weight of the fiber core. Accordingly, when Pace paid for the aluminum coil, it was receiving teas aluminum coil than as represented by Elixir." [*7]

[3] Plaintiff argues that the deceptive trade practice that forms the foundation of its Illinois Consumer Fraud Act claim also provides the basis for its unjust enrichment claim based on tort. Without, however, incorporating the allegations of the ICFA claim into the unjust enrichment claim, plaintiff's complaint does not so appear. Additionally, plaintiff has failed to sufficiently plead fraud with particularity with respect to the unjust enrichment claim. See *Zurich Capital Markets Inc. v. Coglianese, 2005 U.S. Dist. LEXIS 16702, 2005 WL 1950653, *10, n.2 (N.D.Ill.2005)* ("To the extent [plaintiff's] unjust enrichment claims rely on theories of fraud, its averments of fraud must comply with *Rule 9(b)*"). Therefore, plaintiffs argument fails.

---

Next, defendant asserts that plaintiff's breach of contract claim must be dismissed for failing to state a claim upon which relief can be granted, arguing that plaintiff fails to allege any violation of Department of Transportation regulations, fails to allege that it complied with the contract's 48-hour notice provision for shortages, and that the claim is time-barred.

[*8] Plaintiff's breach of contract claim turns on the following sentence of the contract: "Elixir certifies that materials shipped are properly classified, described, packaged, marked, and labeled, and are in proper condi-

Case 1:07-cv-06868    Document 31-2    Filed 01/28/2008    Page 4 of 5

Page 3
2007 U.S. Dist. LEXIS 10601, *

tion for transportation, according to the applicable regulations of the Department of Transportation" (cplt, exh. A). Defendant asserts that the contract language is about Department of Transportation regulations, and "not some more general warranty as the complaint mistakenly implies" (ders brief, at 3).

Contrary to plaintiff's contention, an unambiguous contract is interpreted as a matter of law. *See In re Comdisco. Inc*, 434 F.3d 963, 968 (7th Cir.2006); *Air Safety. Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 706 N.E.2d 882, 884, 236 Ill. Dec. 8 (Ill.1999). The language of the agreement is presumed to speak the intent of the parties, and only where language of the contract is ambiguous do we look to outside evidence or turn to the fact-finder. *Air Safety. Inc.*, 706 N.E.2d at 884. Ambiguity only exists where the language of the contract is susceptible to more than one meaning; that the parties disagree on the intent behind the contract does [*9] not create an ambiguity. *Camico Mut. Ins. Co. v. Citizens Bank*, 2006 U.S. Dist. LEXIS 27295, 2006 WL 1006014, *2 (N.D.Ill.2006).

Defendant argues that the provision on which plaintiff relies is applicable only to Department of Transportation regulations. Defendant places much emphasis on the placement of the comma before the phrase "according to the applicable regulations of the Department of Transportation," to argue that it is applicable to the entire sentence, not just "proper condition for transportation." Illinois courts generally follow such a rule when construing statutes. *See, e.g., Board of Trustees of Policemen's Pension Fund of Village of Oak Brook v. Illinois Dept. of Ins.*, 42 Ill. App. 3d 155, 356 N.E.2d 171, 174, 1 Ill. Dec. 171 (Ill.App.Ct.1976), n1. Defendant has not shown us, nor have we been able to find, similar guidance regarding contract interpretation. In fact, the Seventh Circuit has noted its skepticism in "imputing grammatical expertise to drafters of legal documents and using the imputation to decide interpretive questions." *Overhauser v. U.S.*, 45 F.3d 1085, 1087 (7th Cir.1995).

We find, however, that plaintiff has failed to allege a breach of contract whether the entire [*10] clause refers to Department of Transportation regulations or not. Therefore, we need not come to any conclusion on the grammatical question. If defendant is correct and the clause refers only to Department of Transportation regulations, plaintiff's failure to allege any violation of such regulations requires dismissal of this count. If plaintiff is correct and the Department of Transportation language is only applicable to the last phrase, then the relevant portion of the provision would read: "Elixir certifies that materials shipped are properly classified, described, packaged, marked and labeled." Based on the remainder of the contract, we understand that each invoice acts as a contract for the goods, and acceptance of the goods indicates acceptance of the terms and conditions contained in the "Standard Terms and Conditions of Sale." Therefore, in order to breach the provision noted above, defendant must have improperly classified, described, marked or labeled the goods on the invoice or the package. Nowhere in the breach of contract claim does plaintiff make such an allegation. Plaintiff's complaint does allege: "In the purchase orders and bills of lading for the transactions referenced [*11] in Exhibit B, Elixir made wrongful statements about the weight and cost of the painted aluminum coil being sold to Pace" (cplt, P 21). That paragraph, however, falls under the Illinois Consumer Fraud Act claim and is not incorporated into the breach of contract claim. Even so, it does not allege improper classification, description, marking or labeling of the products. Therefore, we dismiss plaintiff's breach of contract claim.

Finally, defendant asserts that plaintiffs ICFA claim must be dismissed. To state a claim under the ICFA, plaintiff must allege "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.'" *Muehlbauer*, 431 F.Supp.2d at 867 (internal citations omitted). Plaintiff complains that defendant's allegedly wrongful statements regarding the weight and cost of the painted aluminum coil caused damage to plaintiff (cplt, P 21).

Defendant argues that plaintiff fails to meet the requirements of the ICFA. Specifically, defendant [*12] asserts that plaintiff is not a "consumer," as defined by the ICFA, and its failure to plead a nexus with consumer protection concerns removes its allegations from the protection of the ICFA. Additionally, defendant asserts that plaintiff fails to allege a violation of the ICFA with the requisite particularity required under *Fed. R. Civ. P. 9(b)*.

According to the ICFA, "consumer" means "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." *815 ILCS 505/1(e)* (2006). As plaintiff utilizes the painted aluminum coil purchased from defendant in the manufacture of its enclosed cargo and auto trailers, plaintiff falls outside the definition of "consumer." *See Williams Electronics Games. Inc. v. Garrity*, 366 F.3d 569, 579 (7th Cir.2004) (reiterating that "the business purchaser is not a consumer, because his only use of the purchased product is as an input into the making of a product that he sells..."); *First Magnus Financial Corp. v. Dobrowski*, 387 F.Supp.2d 786, 794 (N.D.Ill.2005) [*13] ("...where a corporation makes a purchase for future resale, it is not a consumer").

As plaintiff does not fall within the ICFA's definition of "consumer," its recovery under the Act turns on whether plaintiff can plead and prove a nexus between the complained-of conduct and consumer protection; specifically, whether defendant's alleged wrongful statements were addressed to the market generally or otherwise implicate consumer protection concerns. *See Athey Products Corp. v. Harris Bank Roselle, 89 F.3d 430, 436-37 (7th Cir.1996); New Freedom Mortgage Corp. v. C & R Mortgage Corp., 2004 U.S. Dist. LEXIS 537, 2004 WL 783206, *10 (N.D.Ill.2004); Gelco Corm v. Major Chevrolet. Ine., 2002 U.S. Dist. LEXIS 21160, 2002 WL 31427027, *11 (N.D.Ill.2002).* Plaintiff makes no such allegations. In fact, its complaint specifically states: "As a result [of defendant's wrongful statements], Pace suffered injury..." (cplt, P 23).

Plaintiff's only potentially helpful allegation notes that Pace is "one of the largest manufacturers of enclosed cargo and auto trailers." Even so, we cannot extend that sentence to suggest that the alleged deception by defendant would affect the ultimate consumers of enclosed [*14] cargo and auto trailers. Unlike the court in *Williams Electronics Games, 366 F.3d 569*, we do not find that plaintiff has sufficiently alleged plaintiff's position in the market such that some increase of the price of the aluminum coil would be passed along to its customers. Unlike the video game industry in Williams Electronics Games, there is no indication that consumers of Pace's trailers would have no available substitute in the market. *But cf. id., at 579.* Therefore, we find that plaintiff has failed to sufficiently allege a violation of the ICFA.

Further, defendant rightfully contends that plaintiff must plead its ICFA claim with particularity, as required pursuant to *Rule 9(b). Muehlbauer, 431 F.Supp.2d at 869 (N.D.Ill2006).* The Seventh Circuit has given guidance on what constitutes pleading with particularity, noting that *Rule 9(b)* requires a party to state the "who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir.1990).* Although we doubt plaintiff has sufficiently met its burdens under *Rule 9(b)*, in light of our earlier finding that plaintiff failed to allege [*15] a consumer nexus, we need not address this point.

Finally, as we dismiss plaintiff's complaint in its entirety, we do not address defendant's concern about plaintiff's prayer for attorney's fees.

CONCLUSION

For the reasons stated above, we grant defendant's motion to dismiss. Plaintiff's complaint is dismissed without prejudice. We note that at least some of the deficiencies are curable and that common sense indicates that plaintiff is entitled to some remedy, if, in fact, it was overcharged. Accordingly, we grant plaintiff leave to file an amended complaint within 30 days.

**JAMES B. MORAN**

Senior Judge, U.S. District Court

Feb. 13, 2007