IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY )<br>OF AMERICA )<br>751 Broad Street )<br>Newark, NJ 07102 )<br>  )<br>    Plaintiff, )<br>  )<br>vs. )<br>  )<br>CLARK CONSULTING, INC. )<br>102 South Wynstone Park Drive )<br>North Barrington, IL 60010 )<br>  )<br>    Defendant. ) | Civil Action No. 07-C-6868<br>Hon. Ruben Castillo |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**Introduction**

There is no merit to the motion by Clark Consulting, Inc. ("Clark") to dismiss the separate unjust enrichment count in Prudential's Amended Complaint. Clark's argument is predicated on the notion that an unjust enrichment claim cannot coexist with a breach of contract claim. But Clark fails to acknowledge that an unjust enrichment claim may be pled in the alternative to a breach of contract count, so long as the unjust enrichment claim does not rely on or incorporate any allegation concerning the existence of a governing contract. Here, Prudential's unjust enrichment claim in Count II of the Amended Complaint is pled in the alternative, expressly assumes that there is no enforceable contractual right of recovery, and avoids incorporating any contact-based allegations. Thus, it is a properly pled alternative count and cannot be dismissed.

**Standard of Review**

In deciding a motion to dismiss under Rule 12(b)(6), a Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007). A complaint may be dismissed only where it is beyond doubt that there is no set of facts upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999).

**Relevant Facts**

Count II of Prudential's Amended Complaint states a claim for unjust enrichment. It particular, it alleges that "*if there is no enforceable contractual obligation on the part of Clark to pay money damages to Prudential*, Prudential is entitled to recover money from Clark under the equitable doctrine of unjust enrichment." Amd. Compl. ¶ 29 (emphasis added). Count II further alleges that Prudential gave Clark unearned commissions amounting to $2,879,960.78, that Clark has retained those commissions without conferring anything of significant value to Prudential, and has thereby been unjustly enriched. *Id.* ¶¶ 30-32. It seeks recovery of the amount of the unearned commissions, $2,879,960.78, plus interest, as opposed to Count I, which seeks $3,241,000 for breach of contract.

**Argument**

Under both Illinois law and the Federal Rules of Civil Procedure, it is well-settled that a party may plead alternative counts. Fed. R. Civ. P. 8(e)(2); *Cole-Haddon, Ltd. v. The Drew Philips Corp.*, 454 F. Supp. 2d 772, 777 (N.D. Ill. 2006) (Castillo, J.) (parties may state claims in the alternative even if the claims are contradictory).[1] In particular, it is clear that a "plaintiff may plead an alternative claim for unjust enrichment, even if he alleges in other counts that the parties

---

[1] *See also, e.g., Bureau Service Co. v. King*, 721 N.E.2d 159 (Ill. App. 1999) (parties may plead alternative legal theories, even if inconsistent).

2

have a contract or he has an adequate remedy at law." *Sharbaugh v. First American Title Ins. Co.*, 2007 WL 3307019 (N.D. Ill. Nov. 2, 2007) at *2 (Guzman, J.).[2] The only caveat is that the unjust enrichment claim must be separate and distinct: "while a plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel." *Guinn*, 836 N.E.2d at 704.

In its motion to dismiss, Clark glosses over this authority. Essentially all of the cases on which it relies involved situations where the plaintiff had failed to properly segregate a breach of contract theory from its unjust enrichment theory. For example, in the *Team Impressions* case, the plaintiff's theory of unjust enrichment was expressly predicated on the "defendant's failure to fulfill contractual terms." *Team Impressions, Inc. v. Chromas Technologies Canada, Inc.*, 2003 U.S. Dist. LEXIS 2279 at *11 (N.D. Ill. Feb. 18. 2003).[3] A similar common error in alternative pleading is seen in cases such as *Cole-Haddon*, where the plaintiff made the mistake of reasserting and reincorporating its preceding allegations – including contract allegations – in its unjust enrichment count. 454 F. Supp. 2d at 777 (noting that plaintiff "does not properly plead the claim in the alternative, but rather, asserts the existence of a contractual agreement and then requests compensation under quantum meruit.").

---

[2]  *See also, e.g., Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. App. 2005) ("a party may plead claims in the alternative, *i.e.*, she may plead a claim for breach of contract as well as unjust enrichment"); *Bucciarelli-Tieger v. Victory Records, Inc.*, 488 F. Supp. 2d 702713 (N.D. Ill. 2007) (same); *The Sharrow Group v. Zausa Development Corp.*, 2004 U.S. Dist. LEXIS 24497 (N.D. Ill. Dec. 3, 2004) at *3 (same).

[3]  *See also, e.g., Sharrow Group*, 2004 U.S. Dist. LEXIS at *9; *AA Sales & Assoc., Inc. v. JT&T Products Corp.*, 48 F. Supp. 2d 805, 807 (E.D. Ill. 1999).; *Gordon v. Matthew Bender & Co.*, 562 F. Supp. 1286, 1299 (N.D. Ill. 1983); *Hartigan v. E&E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992); *Guinn v. Hoskins Chevrolet*, 836 N.E.2d at 704.

Those cases are not apposite here. Prudential's unjust enrichment count is carefully pled as an alternative to its breach of contract count, and in no way incorporates or relies upon allegations of an enforceable contract. In particular:

(1)     Count II of the Amended Complaint specifically states that it is an "alternative" theory of recovery. Amd. Comp. ¶ 29.

(2)     Count II starts with the assumption that "there is no enforceable contractual obligation on the part of Clark to pay money damages." *Id.* This allegation further clarifies that the Count is not based on the existence of any contract, but rather specifically presumes that there is no contractual right of recovery.

(3)     Count II does *not* include a boilerplate paragraph at the outset of the Count incorporating and realleging all previous paragraphs. Thus, Prudential's Amended Complaint expressly avoids the flaw that doomed the unjust enrichment claim in cases such as *Cole-Haddon*.

(4)     Count II seeks to recover an amount that is *not* based on any agreement. Unlike Count I, which seeks recovery of an amount based on an alleged agreement between Clark and Prudential, Count II seeks the return of money alleged to have been paid to Clark in the form of unearned commissions. These amounts are not the same. *Compare* Amd. Comp. at 7 (seeking recovery of $3,241,000) *with* Amd. Comp. at 8 (seeking recovery of $2,879,960.78).

Accordingly, Prudential's unjust enrichment claim is entirely separate from its alternative claim for breach of contract. It is akin to cases such as *Pace American*, where the plaintiff (on its second try) "carefully segregated its background allegations" from the unjust enrichment claim. *Pace American v. Elixir Industries*, 20007 WL 2668886 (N.D. Ill. July 6, 2007) at *1. *See also*

*Sharbaugh*, 2007 WL 3307019 at *2 (plaintiff adequately alleged a separate unjust enrichment claim as alternative to breach of contract claim).

  Clark seems to suggest that because the parties in this case have both alleged that there is a governing contract, there cannot be any other basis for recovery.  Def. Mem. at 5.  But the fact that a contract is alleged to exist is not dispositive at this stage of proceedings.  *Muehlbauer v. General Motors Corp.*, 431 F. Supp. 2d 847, 856 (N.D. Ill. 2006)  (mere invocation of a written contract does not automatically bar an unjust enrichment claim).  If, for example, this Court were to find that the alleged contract between the parties was void or unenforceable, then Prudential would be entitled to fall back on its alternative unjust enrichment claim.  In short, while it may never be necessary to reach the merits of Prudential's unjust enrichment claim, that is not a basis for dismissal under Rule 12(b)(6).

**Conclusion**

For the foregoing reasons, Clark's motion to dismiss Count II of the Amended Complaint should be denied.

        Respectfully submitted,

        ATTORNEYS FOR THE PRUDENTIAL
        INSURANCE COMPANY OF AMERICA

        /s/ Donald J. Munro
        Donald J. Munro
        GOODWIN PROCTER LLP
        901 New York Avenue, NW
        Washington, D.C. 20001
        Telephone: 202-346-4137
        Facsimile: 202-346-4444

        /s/ Daniel J. Mohan
        Daniel J. Mohan
        DALEY MOHAN GROBLE, P.C.
        55 West Monroe, Suite 1600
        Chicago, IL 60603
        Telephone: 312-422-9999
        Facsimile: 312-422-5370
        Attorney No. 6187721

        /s/ William J. McFadden
        William J. McFadden
        DALEY MOHAN GROBLE, P.C.
        55 West Monroe, Suite 1600
        Chicago, IL 60603
        Telephone: 312-422-9999
        Facsimile: 312-422-5370
        Attorney No. 627661

## CERTIFICATE OF SERVICE

  I, William J. McFadden, an attorney, state that on February 1, 2008, I served true and correct copies of the foregoing **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** upon all attorneys of record via the Court's CM/ECF filing system:

  Dale G. Markland, Esq.
  MARKLAND HANLEY LLP
  2200 Ross Avenue, Suite 4100W
  Dallas, TX 75201

  Gregory Robert James, Jr.
  LANER, MUCHIN, DOMBROW, BECKER
  515 North State Street, Suite 2800
  Chicago, IL 60610

  Tara E. Hanley
  MARKLAND HANLEY LLP
  2200 Ross Avenue, Suite 4100W
  Dallas, TX 75201

  Thomas Stephen Bradley
  LANER, MUCHIN, DOMBROW, BECKER
  515 North State Street, Suite 2800
  Chicago, IL 60610

                /s/ William J. McFadden
                William J. McFadden
                DALEY MOHAN GROBLE, P.C.
                55 West Monroe, Suite 1600
                Chicago, IL 60603
                Telephone: 312-422-9999
                Facsimile: 312-422-5370
                Attorney No. 627661