IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br>751 Broad Street, Newark, NJ 07102<br><br>       Plaintiff,<br>vs.<br><br>CLARK CONSULTING, INC.<br><br>2100 Ross Avenue, Suite 2200<br>Dallas, Texas 75201<br><br>       Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 07 C 6868<br><br>Judge Ruben Castillo |

**REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant Clark Consulting, Inc. (hereinafter "Clark") submits this reply to the opposition to Clark's motion to dismiss Count 2 of Plaintiff's First Amended Complaint filed by The Prudential Insurance Company of America ("Plaintiff" or "Prudential"), and, for such cause, respectfully shows unto the Court the following:

**ARGUMENT AND AUTHORITIES**

Clark's argument is not, as Plaintiff suggests, "predicated on the notion that an unjust enrichment claim cannot coexist with a breach of contract claim." Pl.'s Opp. at p. 1. Rather, it is predicated on the oft repeated principle of Illinois law that "because unjust enrichment is based on an implied contract, where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *People ex. Rel. Hartigan v. E&E*

1

*Hauling, Inc.*, 153 Ill. 2d 473, 497, 607 N.E.2d 165, 180 Ill. Dec. 271 (Ill. 1992); *see also Pace Am., Inc. v. Elixir Indus.*, 2007 U.S. Dist. LEXIS 10601, *5 (N.D. Ill. 2007) ("Defendant rightfully argues that, generally, when a contract governs the relationship of the parties, plaintiff cannot recover under an unjust enrichment theory unless the claim falls outside the contract"), citing *Utility Audit, Inc. v. Horace Mann Service Corp.*, 383 F.3d 683, 688-89 (7th Cir. 2004); *Nesby v. Country Mut. Ins. Co.*, 346 Ill. App. 3d 564, 805 N.E.2d 241, 243 (Ill. App. Ct. 2004); *Muehlbauer v. General Motors Corp.*, 431 F.Supp.2d 847, 855 (N.D. Ill. 2006); *see also Prodomos v. Poulos*, 2002 Ill. App. 3d 1024, 1032, 560 N.E.2d 942, 948, 148 Ill. Dec. 345 (1st Dist. 1991) ("As a rule, plaintiffs cannot pursue quasi-contract claims where there is an express contract between the parties.").

The contract between these parties, the Amended and Restated Prepaid Marketing Meeting Expense Agreement (the "Marketing Agreement"), was crafted to address certain unearned commissions in the amount of $ 2.9 million owed to Prudential by Clark and certain of Clark's selling agents as a consequence of the surrender of Prudential policies by Allmerica. The Marketing Agreement clearly and unequivocally states that Prudential has irrevocably waived any right to recover the unearned commissions, *see* Ex. "A" to Clark's Orig. Answer at ¶ 1, in exchange for Clark's agreement to grant Prudential an allowance to be used towards sponsorship of certain Clark marketing conferences. *Id.* at ¶ 1.0.2. The Marketing Agreement further clearly and unequivocally details the limited circumstances under which, in spite of this waiver, Prudential may recover a monetary sum from Clark rather than utilizing the granted allowance as its sole means of recovering the unearned commissions. *Id.* at ¶¶ 5.0-5.0.3. Plaintiff's unjust enrichment claim for recovery of a monetary sum cannot stand because it is predicated upon subject matter that falls within the terms of the contract, the Marketing Agreement. Prudential is

either entitled to recover a monetary sum from Clark under the terms of the contract as written or it is not. But, in either event, the presence of an express contract addressing the issue nulls Prudential's quasi-contract claim. *Muehlbauer v. General Motors Corp.*, 431 F. Supp.2d 847, 855 (E.D. Ill. 2006); *see also Shaw v. Hyatt International Corp.*, 461 F.3d 899, 902 (7th Cir. 2006) (plaintiff "fails to present a claim for unjust enrichment, because that is unavailable where the claim rests on the breach of an express contract").

Plaintiff is correct that the Federal Rules of Civil Procedure permit a party to plead alternative, inconsistent theories under appropriate circumstances. However, where, as here, the plaintiff alleges entitlement to a sum of money from the defendant under the terms of an express contract and, alternatively, under a theory of unjust enrichment, and the right of recovery is expressly governed by an enforceable contract, the plaintiff's unjust enrichment claim fails as a matter of law. *See, e.g., AA Sales & Assoc., Inc. v. JT & T Products Corp.*, 48 F. Supp.2d 805, 807 (E.D. Ill. 1999) (where plaintiffs alleged that they were entitled to a sum of money under the terms of an express contract governing the relationship of the parties, plaintiffs' unjust enrichment claim for such money failed to state a claim); *see also The Sharrow Group v. Zausa Dev. Corp.*, 2004 U.S. Dist. LEXIS 24497, *7-10 (N.D. Ill. 2004). Thus, in *The Sharrow Group*, the plaintiff sought a sum of money from the defendant under a contract and under a theory of unjust enrichment and alleged that it was seeking recovery on the unjust enrichment claim only to the extent that it could not recover for breach of contract. The court dismissed the unjust enrichment theory stating "it is not the availability of relief that determines whether plaintiff may pursue these actions, but the existence of an express contract. Dismissal on this basis is especially appropriate where the plaintiff has attached the relevant contracts to the complaint...." *The Sharrow Group* at * 9-10.

3

It is the Plaintiff, not Clark, that has "glossed over" the cases. Pl.'s Opp. at p. 3. For the most part, the cases cited in Plaintiff's brief in support of its position that it may plead alternative theories of breach of contract and unjust enrichment when a contract governs the relationship of the parties either do not support the Plaintiff's position or are completely distinguishable from the circumstances before this Court. For example, in *Sharbaugh v. First American Title Ins. Co.*, 2007 WL 3307019 (N.D. Ill. Nov. 2, 2007), though it was briefly discussed, the specific issue before the court was not whether a plaintiff may plead breach of contract and unjust enrichment in the alternative. Rather, the plaintiff in that case alleged that certain actions by the title company he used in connection with the purchase of real property (1) violated the Real Estate Settlement Procedures Act ("RESPA") and various other statutes or, (2) in the alternative, unjustly enriched the defendant. *Id.* at *3. The plaintiff did not even plead breach of contract. *Id.* at *1-3. The court permitted an unjust enrichment theory to stand along side allegations of statutory violations not along side allegations of the breach of a contract governing the rights and obligations of the parties. *Id.* at * 6-7. Similarly, while *Guinn v. Hoskins Chevrolet*, 361 Ill. App. 3d 575, 836 N.E.2d 681, 704, 296 Ill. Dec. 930 (Ill. App. 2005), does state that a plaintiff may plead breach of contract and unjust enrichment as alternative theories, the case is in contrast to the majority of the decisions of the Illinois state court. Further, the *Guinn* court recognized that, where there is a specific contract governing the relationship of the parties, the doctrine of unjust enrichment *has no application*. *Id.* at 361 Ill. App. 3d at 604, 836 N.E.2d at 704 (emphasis supplied).

Similarly, *Bucciarelli-Tieger v. Victory Records, Inc.*, 488 F. Supp. 2d 702, 713 (N.D. Ill. 2007), cited in Plaintiff's brief, supports Clark's position. There, the court found that plaintiff's unjust enrichment claim failed for two reasons. First, the plaintiffs alleged a contractual

agreement between the parties and, impermissibly, incorporated the existence of the contractual agreement into their unjust enrichment claim. *Id.* But, secondly, the court found that the unjust enrichment claim failed because the allegations in the unjust enrichment claim related to injuries allegedly suffered by the plaintiff as the result of the defendants' alleged breach of its contractual obligations. *Id.* The court noted that "[p]laintiffs' claims center specifically around defendants' alleged …[conduct]" under the terms of the parties' contract, and, thus, concluded that: "[b]ecause all of these allegations are wrapped up in the terms of a specific contract, which plaintiffs allege exist, plaintiffs cannot claim unjust enrichment." *Id.* This is precisely the situation before the Court. Plaintiff alleges the contract, the Marketing Agreement, exists. Plaintiff's claim of unjust enrichment is for recovery of unearned commissions that are the subject of the Marketing Agreement, and the Marketing Agreement specifically and directly addresses the circumstances under which Prudential may be entitled to any refund of the unearned commissions. As in *Bucciarelli-Tieger*, Plaintiff's unjust enrichment claim is "wrapped up" in the terms of a specific contract and cannot stand.

Lastly, while the court in *Pace American, Inc. v. Elixir Indus.*, 2007 U.S. Dist. WL 2668886 (N.D. Ill. 2007), did permit the plaintiff, on its second try, to plead alternative theories of breach of contract and unjust enrichment, the case is distinguishable from that at bar. In *Pace American*, the specific issue that was the subject of the plaintiff's unjust enrichment claim (whether the defendant was permitted to include the weight of the core in pricing aluminum coil sold to plaintiff by the pound) was not specifically addressed under the terms of the contract between the parties. *See id., see also Pace American, Inc. v. Elixir Indus.*, U.S. Dist. LEXIS 10601, * 3-4 (N.D. Ill. 2007). In the case before the Court, the issue that is the subject of Plaintiff's unjust enrichment claims, the unearned commissions allegedly owed to Prudential by

Clark and certain of its selling agents, is specifically addressed in the terms of the Marketing Agreement.

The overwhelming weight of the authorities hold that, where, as here, breach of the contract is the sole basis for the unjust enrichment claim, the unjust enrichment claim fails as a matter of law. Because the Marketing Agreement between the parties governs Prudential's right to the recovery it seeks in its unjust enrichment claim, the Plaintiff's claim for unjust enrichment fails to state a claim upon which relief can be granted and should be dismissed.

## CONCLUSION

For the foregoing reasons, defendant Clark respectfully requests that this Court dismiss Count Two of Plaintiff's Amended Complaint with prejudice, together with costs, and grant such further relief as the Court deems appropriate.

Dated: February 20, 2008.

                            CLARK CONSULTING, INC.

                            By:  /s/ Tara E. Hanley.
                                  Tara E. Hanley.

                            Gregory R. James, Jr. (06198667)
                            Laner, Muchin, Dombrow, Becker, Levin and Tominberg, Ltd.
                            515 North State Street, Suite 2800
                            (312) 467-9800, (312) 467-9479 (fax)
                            gjames@lanermuchin.com

                            Tara Hanley
                            Dale G. Markland
                            Markland Hanley LLP
                            2200 Ross Avenue, Suite 4100W
                            Dallas, Texas 75201
                            469.341.3633 (main), 469.341.3640 (fax)
                            thanley@marklandhanley.com
                            dmarkland@marklandhanley.com

**CERTIFICATE OF SERVICE**

  Tara E. Hanley, an attorney, hereby certifies that she caused the foregoing REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED in the above-captioned matter to be served on the parties of record listed below, via Electronic Filing to Lisa Kane, through the U.S. District Court, Northern District of Illinois on this 20th day of February 2008, addressed to:

**Donald J. Munro**
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4137
Email:
dmunro@goodwinprocter.com

**Raymond Hugo Groble, III**
Daley Mohan Groble P.C.
55 W. Monroe
Suite 1600
Chicago, IL 60603
(312)422-9999
Fax:(312)201-9368
Email: groble@daleymohan.com

**Sean M. Sullivan**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312)422-9999
Fax:(312)422-5370
Email:
ssullivan@daleymohan.com

**Daniel J. Mohan**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312)422-9999
Fax:312-201-9368
Email: mohan@daleymohan.com

**Joel B. Cornfeld**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312)422-0784
Fax:(312)201-9368
Email:
jcornfeld@daleymohan.com

**William Joseph McFadden**
Daley Mohan Groble PC
55 West Monroe Street
Suite 1600
Chicago, IL 60603-5001
(312)422-6522
Fax:(312)201-9368
Email:
wmcfadden@daleymohan.com

/ s/ Tara E. Hanley           .
Tara E. Hanley

Case 1:07-cv-06868 Document 40 Filed 02/20/2008 Page 8 of 8