IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY )<br>OF AMERICA )<br>751 Broad Street )<br>Newark, NJ 07102 )<br>      )<br>  Plaintiff, )<br>      )<br>vs. )<br>      )<br>CLARK CONSULTING, INC. )<br>102 South Wynstone Park Drive )<br>North Barrington, IL 60010 )<br>      )<br>  Defendant. ) | Civil Action No. 07-C-6868<br>Hon. Ruben Castillo |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT**

In its Motion to Dismiss Count II of the Amended Complaint, defendant Clark Consulting, Inc. ("Clark") contends that plaintiff The Prudential Insurance Company of America ("Prudential") is not entitled to bring an alternative claim of unjust enrichment because the parties' dispute is governed by contract. In particular, Clark argues that the Prepaid Marketing Meeting Expense Agreement ("Marketing Agreement") is Prudential's only potential source of recovery against Clark. *See* Motion at 5 ("there is a contract in place governing the rights and obligations of the parties"); *see also id.* at 3 (characterizing the case as involving "the presence of an express contract" and a "relationship . . . governed by contract").

In response, Prudential has argued that it is entitled to bring an unjust enrichment claim as an alternative to its primary breach of contract claim, noting that its equitable remedy claim is expressly predicated on the assumption that there is no enforceable contract between the parties. *See* Opposition at 4. However, after reviewing the basis for Clark's motion – and in particular

1

the arguments raised in its Reply Brief (at p. 3) regarding the existence of an "enforceable contract" – Prudential offered to withdraw Count II if Clark would stipulate that the Marketing Agreement is valid and enforceable and otherwise waive any defense that the parties' agreements are void.  Clark refused.

Clark's refusal is inconsistent with the argument it has made in support of its Motion to Dismiss.  Clark is saying that Count II must be dismissed if there is an "enforceable contract," yet it refuses to stipulate that the contract is indeed enforceable.  The possibility that Clark would try to evade the parties' agreement by asserting that it is void is the very reason that Prudential pled Count II in the first place.  By offering to withdraw Count II if the issue of enforceability is conclusively resolved, Prudential has called Clark's bluff.  Because Clark is not willing to admit and stipulate that the Marketing Agreement is fully enforceable, it is, by definition, premature to dismiss Count II.

Of course, Prudential fully expects that this case will ultimately be resolved on the basis of its right to recover against Clark under the Marketing Agreement, as alleged in Count I of its Amended Complaint.  Nevertheless, so long as there remains any potential dispute about whether the Marketing Agreement is indeed fully enforceable as written, Prudential is entitled to maintain Count II as an alternative claim.

For these reasons, as well as the reasons outlined in Prudential's Opposition, the Court should deny defendant's Motion to Dismiss.

Respectfully submitted,

ATTORNEYS FOR THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA

/s/ Donald J. Munro
Donald J. Munro
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, D.C. 20001
Telephone: 202-346-4137
Facsimile: 202-346-4444

/s/ Daniel J. Mohan
Daniel J. Mohan
DALEY MOHAN GROBLE, P.C.
55 West Monroe, Suite 1600
Chicago, IL 60603
Telephone: 312-422-9999
Attorney No. 6187721

/s/ William J. McFadden
William J. McFadden
DALEY MOHAN GROBLE, P.C.
55 West Monroe, Suite 1600
Chicago, IL 60603
Telephone: 312-422-9999
Attorney No. 627661

March 10, 2008

## **CERTIFICATE OF SERVICE**

  I, William J. McFadden, an attorney, state that on March 10, 2008, I served true and correct copies of the foregoing **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT** upon the following attorneys of record via the Court's CM/ECF filing system and by U.S. Mail by depositing the same in the U.S. Post Office box located at 55 West Monroe, Chicago, Illinois:

  Dale G. Markland, Esq.
  Tara E. Hanley, Esq.
  MARKLAND HANLEY LLP
  2200 Ross Avenue, Suite 4100W
  Dallas, TX 75201

  Gregory Robert James, Jr., Esq.
  Thomas Stephen Bradley, Esq.
  LANER, MUCHIN, DOMBROW, BECKER
  515 North State Street, Suite 2800
  Chicago, IL 60610

            /s/ William J. McFadden
            William J. McFadden
            DALEY MOHAN GROBLE, P.C.
            55 West Monroe, Suite 1600
            Chicago, IL 60603
            Telephone: 312-422-9999
            Facsimile:  312-422-5370
            Attorney No. 627661