IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY )<br>OF AMERICA )<br>751 Broad Street )<br>Newark, NJ 07102 )<br> )<br>                             Plaintiff, )<br> )<br>vs. )<br> )<br>CLARK CONSULTING, INC. )<br>  102 South Wynstone Park Drive )<br>  North Barrington, IL 60010 )<br> )<br>                             Defendant. )<br>_____ ) | Civil Action No. 07-cv-6868<br>JUDGE CASTILLO<br>MAGISTRATE DENLOW |

## PROTECTIVE ORDER

Plaintiff The Prudential Insurance Company of America ("Prudential") and defendant Clark Consulting, Inc. ("Clark"), having stipulated that a Protective Order should be entered pursuant to Federal Rule of Civil Procedure 26(c) to maintain the confidentiality of certain information and materials exchanged between the parties, and it appearing to the Court that such a Protective Order is necessary and appropriate,

IT IS HEREBY ORDERED that:

1. <u>Designation of Confidential Information</u>. This Protective Order designates as "Confidential Materials" any documents or discovery responses that may be produced during discovery that are designated as such by the producing party because they contain one or more of the following: confidential personal, business, legal, regulatory, financial, research, or development information or confidential policies or procedures, business plans, commercially

sensitive information, personal information or other non-public information, including, but not limited to, the identities of and information provided by clients and prospective clients of the parties. All documents designated as Confidential Materials shall be stamped or marked **"CONFIDENTIAL"** to indicate this designation. Confidential Materials shall include any copies, excerpts, summaries, abstracts or other documents that contain Confidential Materials.

    2.    <u>Limitations on Disclosure of Confidential Information</u>. Discovery materials designated as Confidential Materials shall be maintained in confidence by the party to whom such materials are produced or given, shall not be used for any business, commercial, competitive, personal or other purpose, shall not be made public, and shall not be disclosed to any person or entity except the Court and its officers, and the following qualified recipients who shall be subject to this Protective Order:

    a.    Counsel of record and employees of counsel of record to whom it is necessary to disclose Confidential Materials;

    b.    In-house counsel;

    c.    The parties to this lawsuit;

    d.    Outside consultants and experts retained by counsel or the parties to assist in this lawsuit, provided that such person(s) sign(s) the Agreement to Abide by Protective Order attached hereto as Exhibit "A", and

    f.    Deponents, provided that such person(s) sign(s) the Agreement to Abide by Protective Order attached hereto as Exhibit "A" and subject to the provisions of paragraph 5.

    3.    <u>Determination of Confidentiality</u>. This Protective Order shall not foreclose any party from moving this Court for an order finding that specific discovery materials are not

subject to the provisions of this Protective Order. Pending the resolution of such a motion, the materials shall continue to be treated as Confidential Materials.

4. <u>Return of Confidential Materials</u>. This Protective Order shall survive the final termination of this lawsuit, including any appeals, except with respect to the Confidential Materials that become public knowledge without violation of this Protective Order. Further, the Court retains jurisdiction to resolve any dispute concerning the use of the Confidential Materials disclosed hereunder. Within thirty (30) days after the final termination of this lawsuit, including any appeals, each counsel shall at the option of the disclosing party either return all Confidential Materials in his possession, custody or control, and all copies, portions, summaries, or abstracts thereof to counsel for the disclosing party or shall certify destruction thereof.

5. <u>Use of Confidential Materials at Depositions</u>. If counsel for any party believes that a question put to a witness being examined in pretrial deposition will disclose Confidential Materials, or that the answer to any question or questions require such disclosure, or if documents to be used as exhibits during the examination contain such Confidential Materials, such counsel may so notify opposing counsel, and, in that event, that portion of the deposition shall be designated as **"CONFIDENTIAL"** and shall be treated as Confidential Materials subject to the terms of this Protective Order. The court reporter shall indicate in the transcript the portion of the transcript that is to be kept confidential, and shall mark the cover page of the transcript accordingly. If an answer or exhibit is not indicated as Confidential Materials at the time of the deposition, within thirty (30) days of receipt of the transcript by counsel, such counsel may indicate in writing to opposing counsel that the answer to any question or questions should be designated as **"CONFIDENTIAL"** or that any exhibits should be marked **"CONFIDENTIAL"** and treated as Confidential Materials.

6. <u>Filing Under Seal</u>. In the event that any Confidential Materials are submitted in connection with any written filing, the Confidential Materials shall be filed under seal by the Clerk of this Court; provided, however, that a redacted copy of the Confidential Materials will be placed in the public record. Subject to the provisions of this Protective Order, Confidential Materials may be used in support of or in opposition to any motion, at any motion hearing, to prepare for and conduct discovery, and to prepare for trial.

7. <u>Use at Trial</u>. Nothing in this Protective Order shall preclude the use of discovery materials designated Confidential Materials at trial. The parties jointly request that the Court maintain the confidentiality of discovery material designated Confidential Materials during all court proceedings, including the trial or any appeal of this action.

8. <u>Local, State and Federal Laws Regarding Confidential Information</u>. A party's production of documents that the producing party has designated as Confidential Materials shall be deemed to be compliant with any federal, state or local laws or agreements governing the disclosure of confidential, personal or proprietary information, including without limitation the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809. *See* 16 C.F.R. § 313.15(a)(7); 17 C.F.R. § 248.15(a)(7).

9. <u>Material and Information Otherwise Obtained</u>. Nothing in this Protective Order shall apply to documents, information, material, or any portion thereof obtained by any party by means other than produced by the other party in the discovery process in this lawsuit.

10. <u>No Waiver of Rights</u>. Nothing in this Protective Order shall be deemed a waiver of any of the parties' rights to oppose any discovery on any grounds or to object on any ground to the admission in evidence at any motion hearing or the trial of this lawsuit of any matter discovered.

IT IS SO ORDERED:

This the ___ day of _____, 2008

_____
UNITED STATES DISTRICT JUDGE

AGREED TO ON THIS ___ DAY OF _____, 2008:

ATTORNEYS FOR PLAINTIFF                ATTORNEYS FOR DEFENDANT

_____              _____
Daniel J. Mohan (6187721)              Gregory Robert James, Jr. (06198667)
William J. McFadden (627661)           Thomas Stephen Bradley (06199054)
DALEY & MOHAN, P.C.                    LANER, MUCHIN, DOMBROW, BECKER,
150 North Wacker Drive, Suite 1550     LEVIN and TOMINBERG, LTD
Chicago, IL 60606                      515 North State Street, Suite 2800
Telephone 312-422-9999                 Chicago, IL 60610-4798
mohan@daleymohan.com                   (312) 467-9800
wmcfadden@daleymohan.com               gjames@lanermuchin.com
                                       tbradley@lanermuchin.com

Donald J. Munro                        Tara E. Hanley
GOODWIN PROCTER LLP                    Dale G. Markland
901 New York Avenue, NW                Markland Hanley LLP
Washington, D.C. 20001                 2200 Ross Avenue
Telephone 202-346-4137                 Suite 4100W
Facsimile 202-346-4444                 Dallas, TX 75201
dmunro@goodwinprocter.com              469.341.3633 (main), 469.341.3640 (fax)
                                       thanley@marklandhanley.com
                                       dmarkland@marklandhanley.com

# **EXHIBIT A**

## **AGREEMENT TO ABIDE BY PROTECTIVE ORDER**

I have read the foregoing Protective Order (the "Order") in the action entitled *The Prudential Insurance Company of America v. Clark Consulting, Inc.*, Civil Action No. 07-cv-6868 now pending in the United States District Court for the Northern District of Illinois (the "Court"), and I agree to be bound by its terms and conditions with respect to any documents, materials or information that are furnished to me as set forth in the Order. I further agree not to disclose to anyone any documents, material or information that are furnished to me other than in accordance with the Order and not to make any copies of any such documents, material or information other than in accordance with the Order. I hereby consent to the jurisdiction of the Court with regard to any proceedings to enforce the terms and conditions of the Order.

                                                                             _____

                                                                             Name:

Dated: _____