IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY )<br>OF AMERICA )<br>751 Broad Street )<br>Newark, NJ 07102 )<br>  )<br>    Plaintiff, )<br>  )<br>vs. )<br>  )<br>CLARK CONSULTING, INC. )<br>102 South Wynstone Park Drive )<br>North Barrington, IL 60010 )<br>  )<br>    Defendant. ) | Civil Action No. 07-C-6868<br>Hon. Ruben Castillo |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, plaintiff The Prudential Insurance Company of America ("Prudential") hereby moves for partial summary judgment against defendant Clark Consulting, Inc. ("Clark") with respect to Prudential's claim for breach of contract.[1] In particular, Prudential seeks summary judgment establishing that its interpretation of the key terms of the parties' agreements is correct, and that Clark is therefore in breach of those agreements. This motion for partial summary judgment does not reach disputed questions concerning Clark's allegations that Prudential breached the parties' Prepaid Marketing Meeting Expense Agreement ("Marketing Agreement").

The grounds for this motion are set forth in detail in the accompanying Memorandum of Points and Authorities. In summary, those grounds are as follows:

---

[1] Prudential has complied with the rules of this Court by serving a letter on opposing counsel in an effort to resolve the need for this motion, prior to filing.

1. On September 26, 2000, the parties entered into a broker-dealer agreement known as the PIMS Agreement. Section 13 of this agreement provided that either party may terminate it "at any time."

2. Clark thereafter incurred a debt to Prudential. In order to resolve that debt, the parties entered into the Marketing Agreement, whereby Clark's obligation to Prudential was transformed into a credit for the cost of future marketing conferences to be provided by Clark. The Marketing Agreement provided, however, that in the event of Prudential's "failed expectations," Clark would pay compensation to Prudential. Specifically, Section 5.0 states that if it becomes "impossible" for Prudential to attend some or all of the conferences, it may demand payment. The contractual definition of "impossible" encompasses three circumstances, one of which is that the PIMS Agreement "has been terminated."

3. Prudential thereafter terminated the PIMS Agreement and sought payment under Section 5.0 of the Marketing Agreement. Clark refused payment.

4. The relevant agreements are plain and unambiguous, and Prudential's interpretation is the only reasonable reading of those agreements. The plain language of those agreements establishes that Prudential was entitled to (A) cancel the PIMS Agreement at any time, and (B) seek payment for failed expectations under Section 5.0 of the Marketing Agreement following such termination of the PIMS Agreement. Thus, Clark's refusal to pay the compensation required under Section 5.0 of the Marketing Agreement means that it is in breach of that Agreement.

WHEREFORE, this Court should grant partial summary judgment in favor of Prudential and against Clark with respect to the interpretation of Section 13 of the PIMS Agreement and Section 5.0 of the Marketing Agreement.

        Respectfully submitted,

        ATTORNEYS FOR THE PRUDENTIAL
        INSURANCE COMPANY OF AMERICA

        /s/ Donald J. Munro
        Donald J. Munro
        GOODWIN PROCTER LLP
        901 New York Avenue, NW
        Washington, D.C. 20001
        Telephone: 202-346-4137
        Facsimile: 202-346-4444

        /s/ Daniel J. Mohan
        Daniel J. Mohan
        DALEY MOHAN GROBLE, P.C.
        55 West Monroe, Suite 1600
        Chicago, IL 60603
        Telephone: 312-422-9999
        Attorney No. 6187721

        /s/ William J. McFadden
        William J. McFadden
        DALEY MOHAN GROBLE, P.C.
        55 West Monroe, Suite 1600
        Chicago, IL 60603
        Telephone: 312-422-9999
        Attorney No. 6276661

March 17, 2008

## CERTIFICATE OF SERVICE

I, William J. McFadden, an attorney, state that on March 17, 2008, I served true and correct copies of the foregoing **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** upon the following attorneys of record via the Court's CM/ECF filing system and by U.S. Mail by depositing the same in the U.S. Post Office box located at 55 West Monroe, Chicago, Illinois:

    Dale G. Markland, Esq.
    Tara E. Hanley, Esq.
    MARKLAND HANLEY LLP
    2200 Ross Avenue, Suite 4100W
    Dallas, TX 75201

    Gregory Robert James, Jr., Esq.
    Thomas Stephen Bradley, Esq.
    LANER, MUCHIN, DOMBROW, BECKER
    515 North State Street, Suite 2800
    Chicago, IL 60610

    /s/ William J. McFadden
    William J. McFadden
    DALEY MOHAN GROBLE, P.C.
    55 West Monroe, Suite 1600
    Chicago, IL 60603
    Telephone: 312-422-9999
    Facsimile:  312-422-5370
    Attorney No. 627661